FRANK BESOSA, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent; GEORGINA CAPÓ WIDOW OF ANDRÉU, Intervener.

No. 1731. Argued December 3, 1947.—Decided January 13, 1948.

30

*H. M. Besosa* for petitioner. *C. Andréu Ribas* for intervener, plaintiff in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Georgina Capó widow of Andréu brought in the Municipal Court of San Juan an action of unlawful detainer against

Frank Besosa. Upon a judgment being rendered against the defendant, the latter appealed to the district court, where, after a trial *de novo,* the complaint was again sustained. The defendant thereupon instituted the present certiorari proceeding and, similarly as we have done in other like cases, we issued the writ mainly to determine the scope and effect of the Federal Rents Act of 1947 regarding cases of this nature.

The petitioner maintains that the district court erred in permitting the plaintiff to amend her complaint on appeal so as to base the action brought on a ground other than that alleged in the municipal court, and in not holding that there had been an implied renewal of the lease. We do not agree.

██ The complaint filed in the municipal court alleged, in substance, that the plaintiff is judicial administratrix and co-owner of the house and lot which are described, located at No. 14 Pacific Place, Santurce; that the defendant has occupied for some time one of the apartments on the second floor for a monthly rent of $52, payable in advance on the 15th of each month; that on January 17, 1947, the plaintiff gave a written notice to the defendant to vacate said apartment and advised him that she had granted him 10 additional days to do so; that she seeks in good faith to recover possession of said apartment, which has not been habitually rented, to establish therein her residence, since she is living in another place rented from a third person; that during the year preceding the filing of the complaint she has not lived in a house owned by her; that the 10 days granted by her to the defendant have expired and he has refused to surrender the apartment; and that she has complied with all the provisions of the Rent Regulations.

Upon the case being called for trial in the district court, the defendant, through his attorney, raised a question of law and as a result thereof the court ordered the plaintiff to amend her complaint. She did so.

We have examined the amended complaint filed in the district court, and comparing it with the one filed in the municipal court, we note that the only substantial changes therein are the following:

"3. That on January 9, 1947, and by check dated the 8th of said month and year, the defendant paid to the plaintiff the sum of $156 which covered the rentals pertaining to October, November, and December, 1946, and up to January 15, 1947; and

"4. . . . that at the time said notice was served on the defendant, the latter had not paid the advanced rental corresponding to the month which began on January 15, 1947, and ended on February 15, following."

The question of law, already mentioned, as appears from the record, was tantamount to a demurrer. Upon sustaining the demurrer, the court was empowered to authorize an amendment to the complaint. See *Santana* v. *District Court*, 58 P.R.R. 572, in which we said at p. 577:

"Therefore, there is no doubt that both the plaintiff and the defendant in a case on appeal from a municipal court may amend in the district court before the trial *de novo* is held, their pleadings, complaint or answer, but by virtue of leave granted by the judge when a demurrer to the complaint or answer is granted."

As we have stated, the plaintiff, upon being granted leave therefor, amended her complaint in the manner shown above. The addition of those paragraphs did not mean at all that the plaintiff based her action of unlawful detainer on the nonpayment of rent or that she altered the theory of her case.[1] On the contrary, in the amended complaint it was repeatedly insisted that the plaintiff sought in good faith to recover possession of the apartment occupied by the defendant.[2] Moreover, during the trial she repeatedly stated that her action was not based on the nonpayment of rent but on

---

[1] The first of the paragraphs copied from the amended complaint merely indicated the date up to which the rentals had been paid, and the second might be characterized as an anticipatory defense. Cf. *Morales* v. *Martínez et ux*, 40 P.R.R. 695, 698.

[2] See paragraphs 5 and 9 of the amended complaint.

the fact that she was seeking in good faith to recover possession of the apartment for her own occupancy. Under these circumstances, we fail to see how the defendant can successfully maintain that the plaintiff changed the theory of her case on appeal.

 The petitioner likewise insists that the complaint was prematurely filed, since there was an implied renewal of the lease. The evidence showed that the defendant paid to the plaintiff the sum of $156 to cover the rentals corresponding to the months of October, November, and December, 1946; that the lease contract was one from month to month; that the defendant having paid the rent up to January 15, 1947, the plaintiff wrote to the defendant demanding that he surrender the apartment and granted him a term of 10 days to do so; and that, although the defendant sent to the plaintiff a check for $52, dated January 15, 1947, said check was returned to him by the plaintiff on February 1, following.

Pursuant to § 1456 of the Civil Code (1930 ed.), "If, on the expiration of the contract, the lessee continues enjoying the thing leased for fifteen days with the acquiescence of the lessor, it shall be understood that there is an implied new lease . . ." The demand herein was served two days after the monthly period had expired on January 15, 1947. The fact that the complaint was not filed in the municipal court until February 20, does not alter the situation. Nor is it altered by the fact that the defendant sent to the plaintiff, on January 15, the check which we have already mentioned. In order that no implied renewal may arise, the important thing is that the demand be made within the 15 days immediately following the expiration of the lease. Regarding this particular, the commentator Manresa y Navarro, in volume X of his *Comentarios al Código Civil Español*, 4th ed., 1931, p. 540, says:

"The lack of any prior demand, as we have stated is the negative phase of the fact which gives rise to an implied renewal. If a demand

has been served, no implied renewal arises. The reason is obvious: the demand expressly shows the purpose and intention of terminating the lease, and an implied consent can not prevail over an express consent."

 As to the action of unlawful detainer itself, the evidence for the plaintiff unquestionably established that she sought in good faith to obtain possession of the apartment involved in the action. Under the Federal Act of 1947, this is a proper ground for an unlawful detainer suit. See the opinion delivered today by this Court in certiorari proceeding No. 1729, *Avila* v. *District Court, ante,* p. 10.

The writ issued should be discharged.